

CAUSE NO. 167320701010
INCIDENT NO. /TRN: 9267921525A001

| THE STATE OF TEXAS | § | IN THE 179TH DISTRICT |
|---|---|---|
| v. | § | COURT |
| OWNBY, MICHAEL PAUL | § | HARRIS COUNTY, TEXAS |
| STATE ID NO.: TX17973353 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: | ANA MARTINEZ | Date Sentence Imposed: | 10/25/2021 |
|---|---|---|---|
| Attorney for State: | KATHRYN SCHEFFER | Attorney for Defendant: | DOUGLAS, LARRY B. |

Date of Original Community Supervision Order:
6/29/2021

Statute for Offense:

Offense for which Defendant Convicted:
**CONTINUOUS VIOL AGAINST THE FAMILY**

Date of Offense:
03/06/2020 CONTINUING THROUGH 03/17/2020

Degree of Offense:
**3RD DEGREE FELONY**

Plea to Motion to Adjudicate:
**TRUE**

Findings on Deadly Weapon:
**N/A**

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.
**2 YEARS TDC**
Reduced from: N/A

Punishment and Place of Confinement:  **2 YEARS , INSTITUTIONAL DIVISION, TDCJ**

Date Sentence Commences: (Date does not apply to confinement served as a condition of community supervision.)
**10/25/2021**

THIS SENTENCE SHALL RUN: **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A**.
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Fines: | Restitution: | Restitution Payable to: **N/A** |
|---|---|---|
| $ **N/A** | $ **N/A** | (See special finding or order of restitution which is incorporated herein by this reference.) |
| Court Costs: | Reimbursement Fees: | |
| $ **290.00** | $ **35.00** | |

☐ **Defendant is required to register as sex offender** in accordance with Chapter 62, Tex. Code Crim. Proc.
(For sex offender registration purposes only) The age of the victim at the time of the offense was **N/A** .

Total Jail Time Credit:
**256 DAYS**

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
**256 DAYS**    NOTES: **TOWARD FINE AND COSTS**

Was the victim impact statement returned to the attorney representing the State? **N/A**

(*FOR STATE JAIL FELONY OFFENSES ONLY*) Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **N/A**

The Court previously deferred adjudication of guilt in this case.  Subsequently, the State filed a motion to adjudicate guilt.

The case was called for hearing. The State appeared by her District Attorney as named above.
**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared with Counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of **4 YEARS** ; (4) The Court assessed a fine of

$ ; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt, as follows:
DEFENDANT DID THEN AND THERE VIOLATE TERMS AND CONDITIONS OF COMMUNITY SUPERVISION BY: FAILING TO PARTICIPATE AND REMAIN IN THE SUBSTANCE ABUSE FELONY PUNISHMENT FACILITY (SAFPF) UPON INTAKE

Accordingly, the Court **GRANTS** the State's Motion to Adjudicate. **FINDING** that the Defendant committed the offense indicated above, the Court **ADJUDGES** Defendant **GUILTY** of the offense. The Court **FINDS** that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

The Court **ORDERS** Defendant punished as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court **ORDERS** Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above.

**Punishment Options** (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **ORDERS** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—State Jail Felony Conviction.** Pursuant to §12.44(a), Tex. Penal Code, the Court **FINDS** that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court **ORDERS** Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY**. The Court **ORDERS** Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.

☐ **Confinement as a Condition of Community Supervision.** The Court **ORDERS** Defendant confined  days in  as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

**Fines Imposed Include** (check each fine and enter each amount as pronounced by the court):
☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $  (not to exceed $10,000)
☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) **$ 5.00** ($5.00/per month of community supervision)Total $ **Asssessed as Cond of CS**
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) **$ 100.00** ($100)
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) **$100.00** ($100)
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) **$ 100.00** ($100)
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) **$ 50.00** ($50)
☐ State Traffic Fine (§ 542.4031, Transp. Code) **$ 50.00** ($50)
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) **$ Assessed as Cond of CS** (not to exceed $50)
☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $ (To Be Determined by the Court)
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) **$ Assessed as Cond of CS** (not to exceed $50)

**Execution of Sentence**
The Court **ORDERS** Defendant's sentence **EXECUTED**. The Court **FINDS** that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

**Furthermore, the following special findings or orders apply:**

**SEE THE ATTACHED FIREARM ADMONISHMENT**

<u>FAMILY VIOLENCE, TEX. CODE CRIM. PROC. ART. 42.013</u>
    <u>THE COURT ENTERS AN AFFIRMATIVE FINDING THAT DEFENDANT'S OFFENSE INVOLVED FAMILY VIOLENCE, AS DEFINED BY SECTION 71.004, FAMILY CODE..</u>

**Date Judgment Entered: 10/25/2021**

X _____
**ANA MARTINEZ**
JUDGE PRESIDING

Clerk: D DAY

Notice of Appeal Filed: _

Mandate Received: _____   Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____DAYS

Thumbprint

Case Number: 167320701010  Court: 179TH  Defendant: **OWNBY, MICHAEL PAUL**

WRITTEN ADMONITION ON INELIGIBILITY TO POSSESS FIREARM OR AMMUNITION

In accordance with Texas Administrative Code §176.1, the Court hereby admonishes you of the following:
1. You are, by entry of order or judgment, ineligible under Texas law to possess a firearm or ammunition.
2. Beginning now, if you possess a firearm or ammunition it could lead to charges against you. If you have questions about how long you will be ineligible to possess a firearm or ammunition, you should consult an attorney.
3. Under Texas Penal Code §46.01(3):
a. "**Firearm**" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use
b. "**Firearm**" does not include a firearm that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by Penal Code Chapter 46 and that is (1) an antique or curio firearm manufactured before 1899 or (2) a replica of an antique or curio firearm manufactured before 1899 but only if the replica does not use rim fire or center fire ammunition.
The statutes listed below are a starting point for ineligibility to possess a firearm or ammunition. For more information about the laws that make you ineligible to possess a firearm or ammunition, or for more information on how long your ineligibility to possess a firearm or ammunition lasts, the Court recommends you contact an attorney.
• Code of Criminal Procedure Article 17.292 – Magistrate's Order for Emergency Protection
• Code of Criminal Procedure Article 42.0131 – Notice for Persons Convicted of Misdemeanors Involving Family Violence
• Penal Code §46.02 – Unlawful Carrying Weapons
• Penal Code §46.04 – Unlawful Possession of Firearm
• Penal Code §25.07 – Violation of Certain Court Orders or Conditions of Bond in a Family Violence, Child Abuse or Neglect, Sexual Assault or Abuse, Indecent Assault, Stalking, or Trafficking Case
• Family Code §85.026 – Warning on Protective Order

DATE:   10/25/2021

DEFENDANT:   *[signature]*


CASE NUMBER: 167320701010
DEFENDANT NAME: OWNBY, MICHAEL PAUL