### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **DALLAS GARCIA, Individually and as** | § | |
| **A representative of the Estate of FRED** | § | |
| **HARRIS, deceased,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:22-cv-3093** |
| | § | |
| **HARRIS COUNTY, TX. and HARRIS** | § | |
| **COUNTY SHERIFF'S OFFICE,** | § | |
| **Defendants.** | § | |

### DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "the County") files this Motion to Dismiss Plaintiff's First Amended Original Complaint [Doc. #9] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

# TABLE OF CONTENTS

I. Statement Of The Nature and Stage of Proceedings ................................................. 1

II. Statement of Issues and Standard of Review ......................................................... 2
   A.  Statement of Issues. ........................................................................................ 2
   B.  Standard of Review. ........................................................................................ 2

III.   Argument and Authorities .......................................................................... 5
   A.  This Court Lacks Subject Matter Jurisdiction Over Certain Claims. ................ 5
   B.  Plaintiff fails to state a claim upon which relief can be granted against Harris County ..... 7
   C.  Plaintiff fails to state a claim upon which relief can be granted against HCSO ............... 15
   D.  Conclusion. ................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Adames v. Perez*, 331 F.3d 508 (5th Cir. 2003) ................................................................. 13, 14

*Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415 (5th Cir. 2017) .............................. 14

*Alvarez v. Akwitti*, 997 F.3d 211 (5th Cir. 2021) ...................................................................... 13

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001)................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................... passim

*Ball v. LeBlanc*, 792 F.3d 584 (5th Cir. 2015) .......................................................................... 15

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997)......................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 3, 4

*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). 8

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)................................................. 4, 12

*Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220 (Tex. 1988) ........................................... 6

*Cameron Cnty. Housing Auth. v. City of Port Isabel*, 997 F.3d 619 (5th Cir. 2021) ................... 5

*Carpenter v. U.S.*, 138 S.Ct. 2206 (2018) ................................................................................. 11

*Cass v. City of Abilene*, 2014 WL 12642539 (N.D. Tex. Feb 25, 2014) ....................................... 6

*Connick v. Thompson*, 563 U.S. 51 (2011) ................................................................. 7, 8, 11

*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir.1986)........................................................................ 5

*Covington v. City of Madisonville*, 812 Fed. App'x. 219 (5th Cir. 2020) ................................... 8

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015)............................................................. 7, 11

*Darby v. Pasadena Police Dep.'t.*, 939 F.2d 311 (5th Cir. 1991) .............................................. 15

*Davidson v. City of Stafford,* 848 F.3d 384 (5th Cir. 2017)................................................. 7, 11

*Driscoll v. Harris Cnty Comm'r. Court*, 688 S.W.2d 569 (Tex. Civ. App. – Houston (14th Dist.) 1984, writ ref'd. n.r.e.)(en banc) .............................................................................. 15

*Farmer v. Brennan*, 511 U.S. 825 (1994) ........................................................................ 13, 14

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993)..................................... 4

*Ford Motor Co. v. Cammack*, 999 S.W.2d 1 (Tex. App.-Houston [14th Distr.] 1988, pet. denied) .............................................................................................................................. 6

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) ........................................................ 8

*Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745 (5th Cir. 1993) ....................................... 9

*Gordon v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016)............................................................. 9

*Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998)................................................ 12

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ........................................................... 4, 13, 14

*Hobart v. City of Stafford*, 784 F.Supp.2d 732 (S.D. Tex. 2011) .............................................. 5

*Home Builders Ass'n., Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998)........................... 2

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281 (5th Cir. 2012) ............................................................................................................................ 2

*In re McCoy,* 373 F. Supp. 870 (W.D. Tex. 1974) ...................................................................... 6

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)................................................................... 3

*Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388 (5th Cir. 200) ...................................... 13

*James v. Harris Cnty.*, 577 F.3d 612 (5th Cir. 2009) .................................................................. 8

*Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997) ................................................................ 13

*Jones v. City of Jackson*, 203 F.3d 875 (5th Cir. 2000)............................................................ 12

*Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545 (8th Cir. 2013)..................................... 15

*Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008)..................................................................... 2

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013)..................................................................3
*Leal v. Wiles*, 734 F. App'x. 905 (5th Cir. 2018) ...................................................... 13, 14
*Lozano v. Smith,* 718 F.2d 756 (5th Cir.1983)...................................................................7
*Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992)..............................................................5
*Martinez v. Foster*, 2017 WL 9286990 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 1251105 (E.D. Tex. Mar. 31, 2017)..............................................6
*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ........................... 7, 8, 11
*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ........................... 3
*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996).......................................................................3
*Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995).................................................................14
*Newton v. Black*, 133 F.3d 301 (5th Cir. 1998) ......................................................... 13, 14
*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) .........................................8
*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009)..........................................7
*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ....................................... 7, 8, 11
*Polk v. City of Corsicana*, 2006 WL 385127 (N.D. Tex. Jan. 25, 2006)................................5
*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ............................................. 2, 3
*Ratliff v. Aransas Cty., Texas*, 948 F.3d 281 (5th Cir. 2020)..............................................8
*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005).......................................... 9, 10
*Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir. 1996)............................................ 12, 13
*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019).............................................................4
*Shepherd v. Ledford*, 962 S.W.2d 28 (Tex. 1998) ............................................................7
*Smith v. Harris Cnty., Texas*, 956 F.3d 311 (5th Cir. 2020) .............................................15
*Stockman v. Federal Election Comm'n,* 138 F.3d 144 (5th Cir. 1998) ................................5
*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)..................................... 4, 11
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ............. 4
*United States v. Abou-Kassem*, 78 F.3d 161 (5th Cir. 1996)............................................13
*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010)......................................................7
*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011).................................................................................................9
*Wheeler v. Miller*, 168 F.3d 241 (5th Cir. 1999).............................................................13

**Statutes**

Fed. R. Civ. P. 12(b)(1)........................................................................................................2
Fed. R. Civ. P. 12(b)(6)........................................................................................................3
Fed. R. Civ. P. 8(a)(2)..........................................................................................................3

## I.       STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.       This lawsuit stems from the in-custody death of Fred Harris on or about October 29, 2021 while he was detained in a Harris County Sheriff's Office detention facility ("jail") in Harris County Texas [Doc. #9]. Plaintiff is Fred Harris' Estate and his mother in her individual capacity (collectively "Plaintiff" or by individual name). Plaintiff alleges that Harris County and the Harris County Sheriff's Office ("HCSO") violated Fred Harris' rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution as well as under the Americans with Disabilities Act and Rehabilitation Act ("ADA") by failing to protect Fred Harris from the violence of another inmate resulting in his death [*Id.*]. Plaintiff also alleges a *Monell* claim against the County, including failure to train, supervise, discipline and hire claims [Doc. #9, ¶¶39-54].

2.       Plaintiff filed this lawsuit on September 11, 2022 [Doc. #1]. Harris County timely filed its Rule 12(b)(6) motion to dismiss on October 10, 2022 [Doc. #7]. Instead of responding to said motion to dismiss, Plaintiff filed her First Amended Original Complaint ("Amended Complaint") on October 31, 2022 [Doc. #9]. The pleading deficiencies outlined in Harris County's motion to dismiss were not corrected by the Amended Complaint.

3.       Based on the Amended Complaint, Plaintiff continues to fail to state a claim upon which relief can be granted against Harris County because (a) this Court lacks subject matter jurisdiction over all claims filed by Dallas Garcia ("Garcia") in her individual capacity; (b) this Court lacks subject matter jurisdiction over the wrongful death and survival claims, if any, filed by Fred Harris' Estate ("the Estate"); (c) Plaintiff has failed to state facts to establish any plausible claim against the County; and (d) Harris County Sheriff's Office ("HCSO") is *non sui juris*. As such, Harris County respectfully moves this Court to dismiss Plaintiff's claims against the County pursuant to Rules 12(b)(1) and 12(b)(6).

1

## II.    STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.    Statement of Issues.**

4.     The issues to be ruled upon by the Court regarding Harris County are:

   (a)    Whether this Court has subject matter jurisdiction over:
       i.    The individual capacity claims brought by Dallas Garcia?
       ii.   The wrongful death and/or survival claims, if any, brought by the Estate?

   (b)    Whether Plaintiff failed to state any claim upon which relief can be granted against Harris County?

   (c)    Whether Plaintiff failed to state any claim upon which relief can be granted against Harris County Sheriff's Office?

**B.    Standard of Review.**

5.     **Rule 12(b)(1)**. Rule 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. *See* Fed. R. Civ. P. 12(b)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

6.     In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). A Rule 12(b)(1) motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders*, 143 F.3d at 1010.

7.      **Rule 12(b)(6).**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming*, 281 F.3d at 161 (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

8.      Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

9.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

10.     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.          ARGUMENT AND AUTHORITIES

**A.      This Court Lacks Subject Matter Jurisdiction Over Certain Claims.**

11.      Standing is a jurisdictional requirement. *See Cameron Cnty. Housing Auth. v. City of Port Isabel*, 997 F.3d 619, 622 (5th Cir. 2021). If a plaintiff lacks standing, the suit must be dismissed for lack of subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A federal court must dismiss an action whenever it appears subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).

12.      "A civil rights action is a personal suit that does not accrue to a relative, but may descend to a relative under appropriate circumstances." *Polk v. City of Corsicana*, civil action no. 3:05-cv-9861, 2006 WL 385127, at *5 (N.D. Tex. Jan. 25, 2006) (internal citation omitted). Therefore, "all persons who claim a deprivation of constitutional rights are required to prove some violation of their personal rights" to have standing. *Hobart v. City of Stafford*, 784 F.Supp.2d 732, 745 (S.D. Tex. 2011) (citing *Coon v. Ledbetter,*780 F.2d 1158, 1160 (5th Cir.1986)).

13.      Here, Garcia's individual capacity claims are based solely on the alleged violation of her son's constitutional rights. The Amended Complaint is void of any factual basis or stated causes of action where Fred Harris' rights descend to Garcia, his mother. "Although parents certainly 'feel the injury to a tremendous extent when their child suffers [an] injury, a parent has no civil right to pursue an action pursuant to §1983 for injuries to [her] child." *Polk*, 2006 WL 385127, at *5.  Because the pleading is silent as to any facts or causes of action permitting Garcia's individual capacity claims, this Court lacks subject matter jurisdiction over the individual capacity claims asserted by Garcia; and such must be dismissed as a matter of law.

14.      Even, for sake of argument, if Plaintiff has asserted wrongful death and survival claims, such claims are improper because the Amended Complaint does not identify the facts on which these claims rely and amount to nothing more than "naked assertions devoid of further factual

enhancement," which is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678. As a result, Plaintiff's wrongful death and survival claims should be dismissed.

15. Any wrongful death claim asserted on behalf of the Estate is also improper. First, and as stated above, the Amended Complaint fails to comply with the pleading requirement of Rule 8. *See Ashcroft*, 556 U.S. at 678. Second, the Texas wrongful death statute was not intended to benefit the decedent's estate. *See Cass v. City of Abilene*, No. 1:13-cv-177-C, 2014 WL 12642539, at *2 (N.D. Tex. Feb 25, 2014) (citing *In re McCoy,* 373 F. Supp. 870, 874-75 (W.D. Tex. 1974)); *see also Martinez v. Foster*, No. 4:13-cv-59, 2017 WL 9286990, at *4 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 1251105 (E.D. Tex. Mar. 31, 2017) (quoting *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988)). The Estate, therefore, has no standing to bring a wrongful death claim against the County. As such, this Court lacks subject matter jurisdiction over the Estate's wrongful death claim and such claim should be dismissed as a matter of law.

16. Any survival claim asserted on behalf of the Estate is also improper. Again, the Amended Complaint fails to comply with the pleading requirement of Rule 8. *See Ashcroft*, 556 U.S. at 678 Second, other than the single statement that "[Garcia] is or will be the representative of the Estate," Plaintiff has failed to plead any facts regarding the administration of the Estate, especially any facts that an administration of Fred Harris' Estate is necessary [Doc. #9, ¶59]. *See Ford Motor Co. v. Cammack*, 999 S.W.2d 1, 4 (Tex. App.-Houston [14th Distr.] 1988, pet. denied) (for a survival action to be brought by the heirs…they must allege and prove that there is no administration pending and that none is necessary).

17. Whether an administration of the Estate is necessary is dependent on there being no outstanding debt at the time of Fred Harris' death and if the beneficiaries had resolved the Estate's

disposition. *See Rodgers v Lancaster Police & Fire Dept.*, 819 F.3d 205, 212 (5th Cir. 2016); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1998). The Amended Complaint is void of any facts regarding Fred Harris' debts at the time of his death on or about October 29, 2021. Further, an administration of the Estate is necessary because Garcia has not established that she is the only heir or devisee of the deceased. *See Lozano,* 718 F.2d at 773 n. 38 (5th Cir.1983); *Frazier,* 472 S.W.2d at 7. The Amended Complaint makes no reference to Fred Harris' father nor the existence or lack thereof of Fred Harris' spouse or children. As a result, Garcia cannot plead any facts to show that the family is in agreement regarding this lawsuit, which is property of the Estate, because not all beneficiaries have been named or acknowledged in the pleadings. The Estate, therefore, lacks standing and capacity to bring a survival claim against the County.  As such, this Court lacks subject matter jurisdiction over the Estate's survival claim and such claim should be dismissed as a matter of law.

**B.      Plaintiff fails to state a claim upon which relief can be granted against Harris County**

18.     "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011)  (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for its deputies' actions, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting

*Piotrowski*, 237 F.3d at 578).

19.     ***Monell*** **Claim.**  To state a §1983 municipal liability claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020)(a plaintiff must "plead facts that plausibly support each element of §1983 municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60 (emphasis added) ; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Simply, a claim against the County cannot survive if the only alleged facts describe the event giving rise to the cause of action and nothing more. *See Ratliff*, 948 F.3d at 285.

20.     It is, therefore, crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiff, therefore, bears the burden of demonstrating that, through deliberate indifference, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty*., 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

21.     Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable

policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but *a decision by Harris County to* violate *the Constitution*. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

22.     For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016). Here, Plaintiff has not identified any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Fred Harris' constitutional rights. Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and their claims against Harris County should be dismissed as a matter of law.

23.     **Failure to Train, Supervise, Discipline and Hire Claims**. Plaintiff generically contends that Harris County is liable for failing to train, supervise, discipline and hire HCSO employees [Doc. #9, ¶¶48, 50, 53 and54]. The standard for establishing liability for these claims is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing *Roberts v.*

*City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

24.     **Training Claim.** Other than pure speculation on the failure to train claim, Plaintiff has

failed to identify any inadequacies or deficiencies in the training of any HCSO employee (civilian

or uniformed); failed to alleged any facts to link the purported inadequate or deficient training to

the alleged injuries suffered by Fred Harris; and failed to allege any facts to establish a pattern of

similar incidents in which citizens have been injured as a result. Again, threadbare allegations or

legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See*

*Taylor*, 296 F.3d at 378 (internal citation omitted). Therefore, Plaintiff has failed to state a failure

to train claim upon which relief can be granted against Harris County and such claim should be

dismissed as a matter of law.

25.     **Supervision Claim.** Plaintiff has not identified a supervisory official of Harris County that

was involved in the events leading up to the death of Fred Harris; has not alleged any facts that

established a causal connection between the alleged failure to supervise and violation of Fred

Harris' rights; and has not alleged any facts that the failure to supervise amounted to deliberate

indifference to Fred Harris' rights. *See Roberts*, 397 F.3d at 292. Plaintiff only makes a general

allegation of failure to supervise and such is inadequate to prevent dismissal under Rule 12(b)(6).

*See Taylor*, 296 F.3d at 378; *see also Hale*, 642 F.3d at 499 ("plaintiff must allege facts that support

the elements of the cause of action in order to make out a valid claim"). As a result, Plaintiff has

failed to state a failure to supervise claim for which relief can be granted against Harris County

and such claim should be dismissed as a matter of law.

26.     **Discipline and Hiring Claims**.  Based on the pleadings, these two claims are nothing more

than labels, which amount to nothing more than "naked assertions devoid of further factual

enhancement," and such is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678 . As a result, Plaintiff's discipline and hiring claims should be dismissed.

27.     **First Amendment Claim.** Plaintiff makes bare allegation that the County violated Fred Harris' First Amendment rights and nothing more [Doc. #9, ¶¶49, 50 and 55]. Therefore, Plaintiff's First Amendment claim should be dismissed for non-compliance with Rule 8(a) because the Amended Complaint does not identify the facts on which the claim relies and amounts to nothing more than "naked assertions devoid of further factual enhancement," which is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678 .

28.     Additionally, Plaintiff's First Amendment claim fails because Harris County cannot be held liable on a theory of *respondeat superior*. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson*, 848 F.3d at 395; *Culbertson*, 790 F.3d at 628 ; *Piotrowski*, 237 F.3d at 578. Other than conclusory allegations, this claim also fails because Plaintiff's pleadings lack factual allegations that any acts were officially sanctioned or ordered by Harris County as being the direct cause of his alleged injuries. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and such claims must be dismissed as a matter of law.

29.     **Fourth Amendment Claim**. Plaintiff generically alleges that Harris County violated Fred Harris' Fourth Amendment right to "be secure in his person" [Doc. #9, ¶¶1, 40, 43, 44, 49, 50 and 55]. "The basic purpose of this Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v. U.S.,* 138 S.Ct. 2206, 2213 (2018) (internal citation omitted). The protections of the Fourth Amendment are not implicated by the facts alleged in the Amended Complaint because Plaintiff's claims relate to actions taking place

11

at the Harris County jail <u>after</u> Fred Harris' arrest. "While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees [like Fred Harris here] are protected by the due process clause of the Fifth or Fourteenth Amendments." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998). Therefore, Plaintiff cannot recover pursuant to §1983 for alleged violations of Fred Harris' Fourth Amendment rights and said claim against Harris County must be dismissed as a matter of law.

30.     **Fifth Amendment Claim.** Plaintiff seeks damages for violation of his Fifth Amendment rights without any factual basis [Doc. #9, ¶1, 4, 43, 44 and 55]. Plaintiff's Fifth Amendment claim therefore, should be dismissed for non-compliance with Rule 8(a) because a complaint that amounts to nothing more than a "naked assertions devoid of further factual enhancement," which is insufficient to satisfy the pleading requirements of Rule 8.  *See Ashcroft*, 556 U.S. at 678 .

31.     To the extent that Plaintiff's Fifth Amendment claim is a "due process violation" claim, it should be dismissed because the due process component of the Fifth Amendment "applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *see also Blackburn v. City of Marshall*, 42 F.3d 935 (5th Cir. 1995). Plaintiff does not allege that Harris County or any HCSO officer was a federal actor or were otherwise acting under the authority of the United States. Accordingly, Plaintiff fails to state a claim under the Fifth Amendment upon which relief can be granted against Harris County and such claim must be dismissed as a matter of law.

32.     **Fourteenth Amendment Claim-Equal Protection.** Based on the Amended Complaint, Plaintiff is alleging an Equal Protection Claim under the Fourteenth Amendment [Doc. #9, ¶44]. "The Equal Protection Clause of the Fourteenth Amendment is essentially a mandate that all persons similarly situated must be treated alike." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th

Cir. 1996). Therefore, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the [governmental] action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). Courts "conduct an equal protection inquiry <u>only</u> if the challenged government action classifies or distinguishes between two or more relevant groups." *Rolf*, 77 F.3d at 828. "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson*, 110 F.3d at 306 (internal quotation marks omitted). Here, Plaintiff has failed to allege any facts or make a recital of the elements of an Equal Protection claim. *See Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999); *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996). In short, Plaintiff has failed to state an Equal Protection claim against Harris County upon which relief can be granted and such must be dismissed as a matter of law. *See Hale*, 642 F.3d at 499.

33.     **Fourteenth Amendment Claim–Due Process.** Plaintiff claims that Fred Harris' Fourteenth Amendment rights were violated when the County failed to protect Fred Harris from Michael Ownby ("Ownby"), another inmate. Because Fred Harris was a pretrial detainee at the time he was assaulted by Ownby, Plaintiff's failure-to-protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Jacobs v. West Feliciana Sheriff's Dept*., 228 F.3d 388, 393 (5th Cir. 200).

34.     Jail officials have a duty to protect detainees from violence at the hands of other inmates. *See Leal v. Wiles*, 734 F. App'x. 905, 909 (5th Cir. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-834 (1994)); *see also Alvarez v. Akwitti*, 997 F.3d 211, 215 (5th Cir. 2021). "[Jail] officials are not, however, expected to prevent all inmate-on-inmate violence" *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834) and "are not  required to

guarantee that no attack ever will occur." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). Therefore, to state a viable claim for failure-to-protect, Plaintiff must show that Fred Harris was subjected to conditions posing a substantial risk of serious harm and jail officials were deliberately indifferent to Fred Harris' need for protection.  *See Leal*, 734 F. App'x at 909; *see also Newton*, 133 F.3d at 308; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

35.     A jail "official is deliberately indifferent if he or she <u>both</u> knows of an excessive risk of harm and disregards that risk." *Adames*, 331 F.3d at 512 (emphasis added). Thus, the jail official "must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. The Fifth Circuit has declined to find deliberate indifference where an official "*should have* inferred a risk to an inmate because the official *must actually* draw such an inference." *Adames*, 331 F.3d at 514 (emphasis added).

36.     Based on the Amended Complaint, Plaintiff has not alleged a viable failure-to-protect claim under the Fourteenth Amendment. Other than pure speculation and conclusory allegations, there are no factual allegations or evidence in the Amended Complaint tending to show that any HCSO detention officer, involved in the events at issue, was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed by placing Fred Harris in the cell with Ownby and that such inference was drawn by the jail official(s). When stripped of their conclusory allegations and speculation, Plaintiff's failure-to-protect claim boils down to allegations that do not rise above simple negligence of HCSO detention officers. "Actions and decisions by [jail] officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Plaintiff has, therefore, failed to allege any factual allegation that jail officials were

deliberately indifferent to Fred Harris' safety. Accordingly, Plaintiff has failed to state a Fourteenth Amendment Due Process claim for failure-to-protect against Harris County upon which relief can be granted and such must be dismissed as a matter of law. *See Hale*, 642 F.3d at 499.

37.     **ADA claim**. Plaintiff alleges that Harris County failed to accommodate Fred Harris during his incarceration [Doc. #9, ¶¶31-38]. "To succeed on a failure to accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Smith v. Harris Cnty., Texas*, 956 F.3d 311, 317–18 (5th Cir. 2020) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). Other than conclusory allegations masked as factual conclusions, Plaintiff has failed to plead any facts to establish the elements of a failure to accommodate claim against Harris County.  As a result, Plaintiff has not stated a plausible ADA claim for relief against Harris County and all such claim against Harris County must be dismissed as a matter of law.

38.     **Declaratory Judgment**.  Plaintiff seeks a declaratory judgment; yet pleads no factual basis for such relief [Doc. #9, Prayer].  A request for declaratory relief must meet the pleading standards of Rule 8. *See Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545, 547 (8th Cir. 2013); *see also Ashcroft*, 556 U.S. at 678 (naked assertions devoid of further factual enhancement do not satisfy the pleading requirements of Rule 8). Therefore, Plaintiff's request for a declaratory judgment should be denied and/or dismissed as a matter of law.

**C.     Plaintiff fails to state a claim upon which relief can be granted against HCSO**

39.     Plaintiff has named HCSO as a defendant [Doc. #9].  However, such claims against HCSO fail because HCSO does not have separate jural authority or legal existence. In order for a department of a municipality to be sued, that department must enjoy a separate jural authority and legal existence. *Darby v. Pasadena Police Dep't.*, 939 F.2d 311 (5th Cir. 1991). HCSO is not a

separate legal entity but is a department of Harris County and Harris County has not taken explicit steps to empower HCSO with separate jural authority. *See Driscoll v. Harris Cnty Comm'r. Court*, 688 S.W.2d 569 (Tex. Civ. App. – Houston (14th Dist.) 1984, writ ref'd. n.r.e.)(en banc) ( a department of a county is not a separate and independent unit of government). Therefore, HCSO lacks the capacity to be sued separate and apart from Harris County. As such, Plaintiff has failed to state a claim upon which relief can be grated against HCSO and any claim against HCSO should be dismissed as a matter of law.

**D.    Conclusion.**

40.    For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County.  Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claims against Harris County, award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

Date: Nov. 3, 2022.          By:    */s/ Jennifer F. Callan*
                                    JENNIFER F. CALLAN
                                    Assistant County Attorney
                                    ATTORNEY-IN-CHARGE
                                    State Bar No. 00793715
                                    Fed. Bar No. 22721
                                    Tel: (713) 274-5146 (direct)
                                    jennifer.callan@harriscountytx.gov

GREGORY BURNETT
Sr. Assistant County Attorney
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

JAMES C. BUTT
Sr. Assistant County Attorney
State Bar No. 24040354
Fed. Bar No. 725423
Phone:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov

Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**Attorneys for Defendant Harris County**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Randall Kallinen
Alexander Johnson
Kallinen Law, PLLC
511 Broadway Street
Houston, TX 77012

*/s/ Jennifer F. Callan*
Jennifer F. Callan