## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DALLAS GARCIA, Individually and as** | § | |
| **A representative of the Estate of FRED** | § | |
| **HARRIS, deceased,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:22-cv-3093** |
| | § | |
| **HARRIS COUNTY, TX. and HARRIS** | § | |
| **COUNTY SHERIFF'S OFFICE,** | § | |
| **Defendants.** | § | |

### DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS
### <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

<u>**TO THE HONORABLE JUDGE OF SAID COURT:**</u>

Defendant Harris County files its motion to dismiss the second amended complaint

(Docket Entry 31) ("DE"), and will show the court the following:

# TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................................ii

TABLE OF AUTHORITIES ............................................................................................... iii

I.      SUMMARY OF ARGUMENT ................................................................................ 1

II.     BACKGROUND ......................................................................................................... 1

III.    STANDARD OF REVIEW ....................................................................................... 2

IV.     ARGUMENT ................................................................................................................ 3

A. This Court Lacks Subject Matter Jurisdiction Over Certain Claims ........................................ 3

B. Plaintiff fails to state a claim upon which relief can be granted against Harris County ............ 5

CONCLUSION.................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adames v. Perez*,
   331 F.3d 508 (5th Cir. 2003)....................................................................................... 12

*Adams Family Tr. v. John Hancock Life Ins. Co.*,
   424 F. App'x 377(5th Cir. 2011) ................................................................................. 3

*Alderson v. Concordia Parish Corr. Facility*,
   848 F.3d 415 (5th Cir. 2017)....................................................................................... 13

*Alvarez v. Akwitti*,
   997 F.3d 211 (5th Cir. 2021)....................................................................................... 12

*Armour v. Davis*,
   No. 6:18CV535, 2020 WL 2850140 (E.D. Tex. June 1, 2020)................................... 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... passim

*Ball v. LeBlanc*,
   792 F.3d 584 (5th Cir. 2015)....................................................................................... 13

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,
   520 U.S. 397 (1997) .................................................................................................... 7

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir.)................................................................................................ 6

*Blackburn v. City of Marshall*,
   42 F.3d  (5th Cir. 1995)............................................................................................... 11

*Brown v. Edwards Transfer Co., Inc.*,
   764 S.W.2d 220 (Tex. 1988)....................................................................................... 5

*Cameron Cnty. Housing Auth. v. City of Port Isabel*,
   997 F.3d 619 (5th Cir. 2021)....................................................................................... 3

*Carpenter v. U.S.*,
   138 S.Ct. 2206 (2018) ................................................................................................. 10

*Cass v. City of Abilene*,
   No. 1:13-cv-177-C, 2014 WL 12642539 (N.D. Tex. Feb 25, 2014)........................... 5

*Connick v. Thompson,*
    560 U.S. 51 (2011) ................................................................ 5, 6, 9

*Coon v. Ledbetter,*
    780 F.2d 1158 (5th Cir.1986) ................................................. 4

*Covington v. City of Madisonville,*
    812 Fed. App'x. 219 (5th Cir. 2020) ...................................... 6

*Culbertson v. Lykos,*
    790 F.3d 608 (5th Cir. 2015) .................................................. 6, 9

*Davidson v. City of Stafford,*
    848 F.3d 384 (5th Cir. 2017) .................................................. 6, 9

*Farmer v. Brennan,*
    511 U.S. 825 (1994) ............................................................... 12

*Fraire v. City of Arlington,*
    957 F.2d 1268 (5th Cir. 1992) ................................................ 7

*Frazier v. Wynn,*
    472 S.W.2d 750 (Tex. 1971) ................................................... 5

*Gonzalez v. Ysleta Indep. School Dist.,*
    996 F.2d 745 (5th Cir. 1993) .................................................. 7

*Gordon v. City of Dallas,*
    826 F.3d 280 (5th Cir. 2016) .................................................. 7

*Gutierrez v. City of San Antonio,*
    139 F.3d 441 (5th Cir. 1998) .................................................. 10

*Hale v King,*
    642 F.3d 492 (5th Cir. 2011) .................................................. 9, 11, 13

*Hicks v. Charles Pfizer & Company, Inc.,*
    466 F.Supp.2d 799 (E.D. Tex. 2005) ..................................... 2

*Hobart v. City of Stafford,*
    784 F.Supp.2d 732 (S.D. Tex. 2011) ..................................... 4

*In re McCoy,*
    373 F. Supp. 870 (W.D. Tex. 1974) ....................................... 5

*Jacobs v. West Feliciana Sheriff's Dept.*,
   228 F.3d 388 (5th Cir. 200).................................................................................. 12

*James v. Harris Cnty.*,
   577 F.3d 612 (5th Cir. 2009)................................................................................. 7

*Johnson v. Rodriguez*,
   110 F.3d 299 (5th Cir. 1997)................................................................................. 11

*Jones v. City of Jackson*,
   203 F.3d 875 (5th Cir. 2000)................................................................................. 10

*Karnatcheva v. JPMorgan Chase Bank*,
   704 F.3d 545 (8th Cir. 2013)................................................................................. 14

*Leal v. Wiles*,
   734 F. App'x. 905 (5th Cir. 2018)......................................................................... 12

*Lozano v. Smith,*
   718 F.2d 756 (5th Cir. 1983)................................................................................. 5

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992).............................................................................................. 3

*Martinez v. Foster*,
   No. 4:13-cv-59, 2017 WL 9286990 (E.D. Tex. Mar. 13, 2017) ............................. 5

*Monell v. New York City Dept. of Social Services*,
   436 U.S. 658 (1978).................................................................................... passim

*Neals v. Norwood*,
   59 F.3d 530 (5th Cir. 1995)................................................................................... 12

*Newton v. Black*,
   133 F.3d 301 (5th Cir. 1998)................................................................................. 12

*Pena v. City of Rio Grande City*,
   879 F.3d 613 (5th Cir. 2018)................................................................................. 6

*Peterson v. City of Fort Worth*,
   588 F.3d 838 (5th Cir. 2009)................................................................................. 6

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001)............................................................................. 6, 9

*Polk v. City of Corsicana,*
   civil action no. 3:05-cv-9861, 2006 WL 385127 (N.D. Tex. Jan. 25, 2006) ............................ 4

*Ratliff v. Aransas Cnty., Texas,*
   948 F.3d 281 (5th Cir. 2020) ..................................................................................................... 6

*Roberts v. City of Shreveport,*
   397 F.3d 287 (5th Cir. 2005) ............................................................................................... 2, 8, 9

*Rodgers v Lancaster Police & Fire Dept.,*
   819 F.3d 205 (5th Cir. 2016) ..................................................................................................... 5

*Rolf v. City of San Antonio,*
   77 F.3d 823 (5th Cir. 1996) ..................................................................................................... 11

*Shepherd v. Ledford,*
   962 S.W.2d 28 (Tex. 1998) ..................................................................................................... 5

*Smith v. Harris Cnty., Texas,*
   956 F.3d 311 (5th Cir. 2020) ................................................................................................... 13

*Stockman v. Federal Election Comm'n,*
   138 F.3d 144 (5th Cir. 1998) ..................................................................................................... 4

*Taylor v. Books a Million, Inc.,*
   296 F.3d 376 (5th Cir. 2002) ............................................................................................. 8, 9, 10

*United States v. Abou-Kassem,*
   78 F.3d 161 (5th Cir. 1996) ..................................................................................................... 11

*Valle v. City of Houston,*
   613 F.3d 536 (5th Cir. 2010) ................................................................................................. 6, 8

*Vouchides v. Houston Cmty. Coll. Sys.,* No. CIV.A.,
   H-10-2559, 2011 WL 4592057 (S.D. Tex. Sept. 30, 2011) ....................................................... 7

*Wallace v. Tex. Tech. Univ.,*
   80 F.3d 1042 (5th Cir. 1996) ..................................................................................................... 3

*Wheeler v. Miller,*
   168 F.3d 241 (5th Cir. 1999) ................................................................................................... 11

**Rules**

Fed. R. Civ. P. 12(b)(1) .............................................................................................................. 1, 2
Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1, 2, 7, 9

## I.  SUMMARY OF ARGUMENT

Defendant Harris County files this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Mr. Harris was murdered.  As tragic as that event was, his civil rights were not violated, nor were his ADA rights. Plaintiff distracts this court with allegations against the jail.  Those allegations were not the cause of Mr. Harris's death.  Further, purported plaintiff has wholly failed to state a claim under Section 1983; rather she relies on conclusory statements that cannot survive a motion to dismiss.

## II.  BACKGROUND

This case concerns the tragic killing of Mr. Harris by an inmate in the Harris County jail on or about October 29, 2021. Michael Paul Ownby, the inmate has been indicted for murder.

Mr. Harris' mother brings this civil rights lawsuit on her behalf and on behalf of her late son. However, the probate in this matter was just filed and currently, the mother lacks standing to bring this lawsuit. Rule 12(b)(1).  See attached **Exhibit 1**.

Until such time as the probate court rules, this matter should be dismissed and/or stayed because it has not been determined that the mother is the proper or sole party in interest.

In addition, it appears several detention officers have been added as parties but they have not been served and no summons have been sought or issued.

Purported plaintiff has also sued Sheriff Gonzalez in his individual capacity, and Commissioners Lina Hidalgo, Rodney Ellis, Jack Cagle (no longer in office), Adrian Garcia and Tom R. Ramsey, individually.  No summons for these individuals has been sought or issued.

Plaintiff alleges that Harris County violated Fred Harris' rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution as well as under the Americans with Disabilities Act and Rehabilitation Act ("ADA") by failing to protect Fred Harris from the violence

1

of another inmate resulting in his death [*Id.*]. Plaintiff also alleges a *Monell* claim against the County, including failure to train, supervise, discipline and hire claims.

Based on the Amended Complaint, Plaintiff continues to fail to state a claim upon which relief can be granted against Harris County because (a) this Court lacks subject matter jurisdiction over all claims filed by Dallas Garcia ("Garcia") in her individual capacity; (b) this Court lacks subject matter jurisdiction over the wrongful death and survival claims, if any, filed by Fred Harris' Estate ("the Estate"); (c) Plaintiff has failed to state facts to establish any plausible claim against the County.

As such, Harris County respectfully moves this Court to dismiss Plaintiff's claims against the County pursuant to Rules 12(b)(1) and 12(b)(6). In an abundance of caution, Harris County nonetheless addresses the issues in the second amended complaint only as to the county.

### III.    STANDARD OF REVIEW

While allegations in a well-pleaded complaint are to be taken as true, many of purported plaintiff's facts are simply unsupported hearsay.  Rule 12(b)(6).

News articles are hearsay.  DE 31, para. 11. Links to a Fox news reports are hearsay.  And while this is at the motion to dismiss stage, this "evidence" will not improve with age at a summary judgment. The Fifth Circuit has stated that newspaper articles "classic, inadmissible hearsay" and cannot be used to defeat summary judgment. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); see also, *Hicks v. Charles Pfizer & Company, Inc.,* 466 F.Supp.2d 799, 795 (E.D. Tex. 2005); *Armour v. Davis,* No. 6:18CV535, 2020 WL 2850140, at *12 (E.D. Tex. June 1, 2020)( "The Defendants are correct in their assertion that these exhibits are hearsay and are not competent summary judgment evidence.").

Also, other lawsuits are allegations and not evidence. "First, Forbes has pointed to the allegations of two complaints from pending litigation in the Southern District of Texas, but those pleadings are not competent summary judgment evidence." *Forbes v. Harris County et al*., DE 51, p. 11, 4:17-cv-02256, Judge Lee Rosenthal, citing to *Adams Family Tr. v. John Hancock Life Ins. Co*., 424 F. App'x 377, 381(5th Cir. 2011)("Pleadings are not competent summary-judgment evidence." See also, *Wallace v. Tex. Tech. Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996). Thus, purported plaintiff cannot rely on the *John Doe 1* case, where jail employees complained of working conditions. Judge Andrew Hanen dismissed with prejudice for failure to state a claim in November of 2022. See *John Doe*, DE 34 and 35, Cause No. 21-cv-3036, Southern District of Texas – Houston Division. The case is currently on appeal to the Fifth Circuit.

Plaintiff also quotes a politician (John Whitmire, DE 31, para. 14) and a union representative (para. 12); these are hearsay as well, and not the well pleaded facts needed to sustain this lawsuit. In fact, this union representative has already sworn under oath that he knows nothing of jail conditions. That case involves the same plaintiff's counsel as here. See *Wynn et al., v. Harris County, et al.,* Southern District of Texas, Honorable Keith Ellison, 18-cv-4848, DE 190, Exhibit 16 (David Cuevas' affidavit wherein he swears he has no personnel knowledge of jail staffing).

## IV.     ARGUMENT

### A.     This Court Lacks Subject Matter Jurisdiction Over Certain Claims

As stated in previous motions to dismiss, standing is a jurisdictional requirement. *See Cameron Cnty. Housing Auth. v. City of Port Isabel*, 997 F.3d 619, 622 (5th Cir. 2021). If a plaintiff lacks standing, the suit must be dismissed for lack of subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A federal court must dismiss an action whenever it

appears subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).

"A civil rights action is a personal suit that does not accrue to a relative but may descend to a relative under appropriate circumstances." *Polk v. City of Corsicana*, civil action no. 3:05-cv-9861, 2006 WL 385127, at *5 (N.D. Tex. Jan. 25, 2006) (internal citation omitted). Therefore, "all persons who claim a deprivation of constitutional rights are required to prove some violation of their personal rights" to have standing. *Hobart v. City of Stafford*, 784 F.Supp.2d 732, 745 (S.D. Tex. 2011) (citing *Coon v. Ledbetter,* 780 F.2d 1158, 1160 (5th Cir.1986)).

Here, Garcia's individual capacity claims are based solely on the alleged violation of her son's constitutional rights. The Amended Complaint is void of any factual basis or stated causes of action where Fred Harris' rights descend to Garcia, his mother. "Although parents certainly 'feel the injury to a tremendous extent when their child suffers [an] injury, a parent has no civil right to pursue an action pursuant to §1983 for injuries to [her] child." *Polk*, 2006 WL 385127, at *5. Because the pleading is silent as to any facts or causes of action permitting Garcia's individual capacity claims, this Court lacks subject matter jurisdiction over the individual capacity claims asserted by Garcia; and such must be dismissed as a matter of law.

Even, for sake of argument, if Plaintiff has asserted wrongful death and survival claims, such claims are improper because the Second Amended Complaint does not identify the facts on which these claims rely and amount to nothing more than "naked assertions devoid of further factual enhancement," which is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678. As a result, Plaintiff's wrongful death and survival claims should be dismissed. Plaintiff alleges without more that she suffered emotional distress (DE 31, para. 48 and 62).

4

Any wrongful death claim asserted on behalf of the Estate is also improper. First, and as stated above, the Second Amended Complaint fails to comply with the pleading requirement of Rule 8. *See Ashcroft*, 556 U.S. at 678. Second, the Texas wrongful death statute was not intended to benefit the decedent's estate. *See Cass v. City of Abilene*, No. 1:13-cv-177-C, 2014 WL 12642539, at *2 (N.D. Tex. Feb 25, 2014) (citing *In re McCoy,* 373 F. Supp. 870, 874-75 (W.D. Tex. 1974)); *see also Martinez v. Foster*, No. 4:13-cv-59, 2017 WL 9286990, at *4 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 1251105 (E.D. Tex. Mar. 31, 2017) (quoting *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988)). The Estate, therefore, has no standing to bring a wrongful death claim against the County. As such, this Court lacks subject matter jurisdiction over the Estate's wrongful death claim and such claim should be dismissed as a matter of law.

Whether an administration of the Estate is necessary is dependent on there being no outstanding debt at the time of Fred Harris' death and if the beneficiaries had resolved the Estate's disposition. *See Rodgers v Lancaster Police & Fire Dept.*, 819 F.3d 205, 212 (5th Cir. 2016); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1998). The Second Amended Complaint is still void of any facts regarding Fred Harris' debts at the time of his death on or about October 29, 2021. Further, an administration of the Estate is necessary because Garcia has not established that she is the only heir or devisee of the deceased. *See Lozano,* 718 F.2d at 773 n. 38 (5th Cir.1983); *Frazier,* 472 S.W.2d at 7. As such, this Court lacks subject matter jurisdiction over the Estate's survival claim and such claim should be dismissed as a matter of law.

**B.     Plaintiff fails to state a claim upon which relief can be granted against Harris County**

"[U]nder §1983, local governments are responsible <u>only</u> for 'their own illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011)  (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must

be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for its deputies' actions, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

*Monell* **Claim.**   To state a §1983 municipal liability claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020)(a plaintiff must "plead facts that plausibly support each element of §1983 municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60 (emphasis added) ; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Simply, a claim against the County cannot survive if the only alleged facts describe the event giving rise to the cause of action and nothing more. *See Ratliff*, 948 F.3d at 285.

It is crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiff,

therefore, bears the burden of demonstrating that, through <u>deliberate</u> <u>indifference</u>, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision.  *See Brown*, 520 U.S. at 411.  Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but *a decision by Harris County to* violate *the Constitution.  See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).  Here, Plaintiff has not identified any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Fred Harris' constitutional rights. Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Plaintiff complains that the lack

7

of indemnification for detention officers is somehow a moving force behind Mr. Harris' death.  It makes to sense (DE 31, para. 33).

Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted).  Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and their claims against Harris County should be dismissed.

**Failure to Train, Supervise, Discipline and Hire Claims**. Plaintiff generically contends that Harris County is liable for failing to train, supervise, discipline and hire HCSO employees (DE 31, para. 50-57). The standard for establishing liability for these claims is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

**Training Claim.** Other than pure speculation on the failure to train claim, Plaintiff has failed to identify any inadequacies or deficiencies in the training of any HCSO employee (civilian or uniformed); failed to allege any facts to link the purported inadequate or deficient training to the alleged injuries suffered by Fred Harris; and failed to allege any facts to establish a pattern of similar incidents in which citizens have been injured as a result. Again, threadbare allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted). Therefore, Plaintiff has failed to state a failure to train claim upon which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

**Supervision Claim.** Plaintiff has not identified a supervisory official of Harris County that was involved in the events leading up to the death of Fred Harris; has not alleged any facts that established a causal connection between the alleged failure to supervise and violation of Fred

8

Harris' rights; and has not alleged any facts that the failure to supervise amounted to deliberate indifference to Fred Harris' rights. *See Roberts*, 397 F.3d at 292. Plaintiff only makes a general allegation of failure to supervise and such is inadequate to prevent dismissal under Rule 12(b)(6). *See Taylor*, 296 F.3d at 378; *see also Hale*, 642 F.3d at 499 ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim"). As a result, Plaintiff has failed to state a failure to supervise claim for which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

**Discipline and Hiring Claims**.  Based on the pleadings, these two claims are nothing more than labels, which amount to nothing more than "naked assertions devoid of further factual enhancement," and such is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678 .  As a result, Plaintiff's discipline and hiring claims should be dismissed.

**First Amendment Claim.** Plaintiff makes bare allegation that the County violated Fred Harris' First Amendment rights and nothing more (DE 31, para. 52 and 58). Therefore, Plaintiff's First Amendment claim should be dismissed for non-compliance with Rule 8(a) because the Amended Complaint does not identify the facts on which the claim relies and amounts to nothing more than "naked assertions devoid of further factual enhancement," which is insufficient to satisfy the pleading requirements of Rule 8.  *See Ashcroft*, 556 U.S. at 678 .

Additionally, Plaintiff's First Amendment claim fails because Harris County cannot be held liable on a theory of *respondeat superior*. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson,* 848 F.3d at 395; *Culbertson*, 790 F.3d at 628 ; *Piotrowski*, 237 F.3d at 578. Other than conclusory allegations, this claim also fails because Plaintiff's pleadings lack factual allegations that any acts were officially sanctioned or ordered by Harris County as being the direct cause of his alleged injuries. Conclusory allegations or legal conclusions masquerading as factual

conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378. Therefore, Plaintiff

has failed to state a claim upon which relief can be granted against Harris County and such claims

must be dismissed as a matter of law.

**Fourth Amendment Claim**. Plaintiff generically alleges that Harris County violated Fred

Harris' Fourth Amendment right to "be secure in his person" (DE 31, para. 46, 47, 52, 53). "The

basic purpose of this Amendment is to safeguard the privacy and security of individuals against

arbitrary invasions by governmental officials." *Carpenter v. U.S.,* 138 S.Ct. 2206, 2213 (2018)

(internal citation omitted). The protections of the Fourth Amendment are not implicated by the

facts alleged in the Amended Complaint because Plaintiff's claims relate to actions taking place at

the Harris County jail <u>after</u> Fred Harris' arrest. "While the Fourth Amendment protects arrestees,

once an arrest is complete, pretrial detainees [like Fred Harris here] are protected by the due

process clause of the Fifth or Fourteenth Amendments." *Gutierrez v. City of San Antonio*, 139 F.3d

441, 452 (5th Cir. 1998).   Therefore, Plaintiff cannot recover pursuant to §1983 for alleged

violations of Fred Harris' Fourth Amendment rights and said claim against Harris County must be

dismissed as a matter of law.

**Fifth Amendment Claim.** Plaintiff seeks damages for violation of his Fifth Amendment

rights without any factual basis (DE 31, para. 44, 46, 47). Plaintiff's Fifth Amendment claim

therefore, should be dismissed for non-compliance with Rule 8(a) because a complaint that

amounts to nothing more than a "naked assertions devoid of further factual enhancement," which

is insufficient to satisfy the pleading requirements of Rule 8.  *See Ashcroft*, 556 U.S. at 678 .

To the extent that Plaintiff's Fifth Amendment claim is a "due process violation" claim, it

should be dismissed because the due process component of the Fifth Amendment "applies only to

violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*,

203 F.3d 875, 880 (5th Cir. 2000); *see also Blackburn v. City of Marshall*, 42 F.3d 935 (5th Cir. 1995). Plaintiff does not allege that Harris County or any HCSO officer was a federal actor or were otherwise acting under the authority of the United States. Accordingly, Plaintiff fails to state a claim under the Fifth Amendment upon which relief can be granted against Harris County and such claim must be dismissed as a matter of law.

**Fourteenth Amendment Claim-Equal Protection.** Plaintiff is alleging an Equal Protection Claim under the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment is essentially a mandate that all persons similarly situated must be treated alike." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Therefore, "a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the [governmental] action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). Courts "conduct an equal protection inquiry <u>only</u> if the challenged government action classifies or distinguishes between two or more relevant groups." *Rolf*, 77 F.3d at 828. "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational— does not deny them equal protection of the laws." *Johnson*, 110 F.3d at 306 (internal quotation marks omitted). Here, Plaintiff has failed to allege any facts or make a recital of the elements of an Equal Protection claim. *See Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999); *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996). In short, Plaintiff has failed to state an Equal Protection claim against Harris County upon which relief can be granted and such must be dismissed as a matter of law. *See Hale*, 642 F.3d at 499.

**Fourteenth Amendment Claim–Due Process.** Plaintiff claims that Mr. Harris' Fourteenth Amendment rights were violated when the County failed to protect Mr. Harris from

Michael Ownby, another inmate. Because Fred Harris was a pretrial detainee at the time he was assaulted by Ownby, Plaintiff's failure-to-protect claim arises under the Due Process Clause of the Fourteenth Amendment. *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 200).

Jail officials have a duty to protect detainees from violence at the hands of other inmates. *See Leal v. Wiles*, 734 F. App'x. 905, 909 (5th Cir. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-834 (1994)); *see also Alvarez v. Akwitti*, 997 F.3d 211, 215 (5th Cir. 2021). "[Jail] officials are not, however, expected to prevent all inmate-on-inmate violence" *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834) and "are not required to guarantee that no attack ever will occur." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). Therefore, to state a viable claim for failure-to-protect, Plaintiff must show that Fred Harris was subjected to conditions posing a substantial risk of serious harm and jail officials were deliberately indifferent to Fred Harris' need for protection. *See Leal*, 734 F. App'x at 909; *see also Newton*, 133 F.3d at 308; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

A jail "official is deliberately indifferent if he or she <u>both</u> knows of an excessive risk of harm and disregards that risk." *Adames*, 331 F.3d at 512 (emphasis added). Thus, the jail official "must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. The Fifth Circuit has declined to find deliberate indifference where an official "*should have* inferred a risk to an inmate because the official *must actually* draw such an inference." *Adames*, 331 F.3d at 514 (emphasis added).

Based on the Amended Complaint, Plaintiff has not alleged a viable failure-to-protect claim under the Fourteenth Amendment. Other than pure speculation and conclusory allegations, there

are no factual allegations or evidence in the Amended Complaint tending to show that any HCSO detention officer, involved in the events at issue, was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed by placing Fred Harris in the cell with Ownby and that such inference was drawn by the jail official(s). When stripped of their conclusory allegations and speculation, Plaintiff's failure-to-protect claim boils down to allegations that do not rise above simple negligence of HCSO detention officers. "Actions and decisions by [jail] officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Plaintiff has, therefore, failed to allege any factual allegation that jail officials were deliberately indifferent to Fred Harris' safety. Accordingly, Plaintiff has failed to state a Fourteenth Amendment Due Process claim for failure-to-protect against Harris County upon which relief can be granted and such must be dismissed as a matter of law. *See Hale*, 642 F.3d at 499.

**ADA claim**. Plaintiff alleges that Harris County failed to accommodate Fred Harris during his incarceration (DE 31, para. 34-40). "To succeed on a failure to accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Smith v. Harris Cnty., Texas*, 956 F.3d 311, 317–18 (5th Cir. 2020) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). Other than conclusory allegations masked as factual conclusions, Plaintiff has failed to plead any facts to establish the elements of a failure to accommodate claim against Harris County.  As a result, Plaintiff has not stated a plausible ADA claim for relief against Harris County and all such claim against Harris County must be dismissed as a matter of law.

13

**Declaratory Judgment**.  Plaintiff seeks a declaratory judgment; yet pleads no factual basis for such relief [DE 31, Prayer].  A request for declaratory relief must meet the pleading standards of Rule 8. *See Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545, 547 (8th Cir. 2013); *see also Ashcroft*, 556 U.S. at 678 (naked assertions devoid of further factual enhancement do not satisfy the pleading requirements of Rule 8). Therefore, Plaintiff's request for a declaratory judgment should be denied and/or dismissed as a matter of law.

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County.  Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claim against Harris County, award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Date: April 14, 2023.

Respectfully submitted,

OF COUNSEL:        By:    */s/ Gregory Burnett*
                              GREGORY BURNETT
CHRISTIAN MENEFEE          Assistant County Attorney
TEXAS BAR NO. 24088049     ATTORNEY-IN-CHARGE
HARRIS COUNTY ATTORNEY   State Bar No. 24057785
                              Fed. Bar No. 3785139
                              Tel: (713) 274-5224 (direct)
                              Fax: (713) 755-8823
                              gregory.burnett@harriscountytx.gov

                              SUZANNE BRADLEY
                              Senior Assistant County Attorney
                              ATTORNEY TO BE NOTICED
                              State Bar No. 00793375

Federal ID No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov

Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorneys for Defendant Harris County**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Randall Kallinen
Alexander Johnson
Kallinen Law, PLLC
511 Broadway Street
Houston, TX 77012

*/s/ Gregory Burnett*
Gregory Burnett

15