UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALLAS GARCIA, Individually and as § | | |
| A representative of the Estate of FRED § | | |
| HARRIS, deceased, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: 4:22-cv-3093 | |
| § | | |
| HARRIS COUNTY, TX. and HARRIS § | | |
| COUNTY SHERIFF'S OFFICE, § | | |
|     Defendants. § | | |

**DEFENDANT SHERIFF ED GONZALEZ'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Sheriff Ed Gonzalez, individually, and the Sheriff's Office, files this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

1. Mr. Fred Harris was murdered. As tragic as that event was, his civil rights were not violated by Sheriff Gonzalez, in his individual capacity. There are no allegations that the Sheriff personally participated in the allegations, nor are there any allegations that the Sheriff was otherwise causally connected to Mr. Harris' death. Further the Sheriff's Office is *non sui juris* and must be dismissed as a matter of law.

2. Further, purported plaintiff has wholly failed to state a claim under Section 1983 against the Sheriff, individually; rather she relies on hearsay and conclusory statements that cannot survive a motion to dismiss.

**I.    BACKGROUND**

3. This case concerns the tragic killing of Mr. Harris by an inmate in the Harris County jail on or about October 29, 2021. Michael Paul Ownby, the inmate, has been indicted for Mr. Harris' murder.

4. Mr. Harris' mother brings this civil rights lawsuit on her behalf and on behalf of her late son. However, the probate in this matter was just filed and currently, the mother lacks standing to bring this lawsuit. Rule 12(b)(1). See attached Exhibit 1.

5. Until such time as the probate court rules, this matter should be dismissed and/or stayed because it has not been determined that the mother is the proper or sole party in interest.

6. In addition, it appears several detention officers have been added as parties but they have not been served; nor have most of the other commissioners.

7. Purported plaintiff has sued Sheriff Gonzalez in his individual capacity, and Commissioners Lina Hidalgo, Rodney Ellis, Jack Cagle (no longer in office), Adrian Garcia and Tom R. Ramsey, all individually. Only Hidalgo and Garcia have been served.

## II.   ARGUMENT AND AUTHORITIES

### A. Sheriff's Office is not a legal entity that can be sued

8. The Harris County Sheriff's Office is merely a subdivision of Harris County, and it cannot be sued as an independent entity unless Harris County specifically granted the Sheriff's Office the capacity to sue and be sued. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991); *see also Potts v. Crosby Ind. Sch. Dist.,* 210 Fed. App'x 342, 344–45 (5th Cir.2006) (noting, with approval, that the district court "held that Harris County Sheriff's Department, as a *non sui juris* division of Harris County, lacks the capacity to be sued"). See also, *Aguirre v. Harris Cnty. Sheriff's Off.*, No. CIV.A. H:11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012). The Sheriff's Office must be dismissed as a matter of law.

### B. Allegations against Sheriff Gonzalez, individually, are few

9. Sheriff is mentioned on page 6 of the Second Amended Complaint (DE 31); On page 12, plaintiff alleges the following:

> The Commissioners Court, and Sheriffs (sic) know it is extremely unlikely they will be sued in most instances and even if they are sued many litigants dismiss their cases or settle for small amounts. This was a moving force of the violence on Fred as stated in this complaint.

10. There are no other individual allegations against the Sheriff. The Supreme Court has long held that claims against public officials are actually claims against the offices they hold. *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiffs' claim against Sheriff Gonzalez is actually a claim against Harris County, and he should be dismissed as a redundant party.

11. Plaintiff also writes that on December 8, 2021, the Sheriff was quoted in a Fox news story, stating that 550-700 new employees are needed in the jail. DE 31, para. 11. It's unclear how small monetary settlements or dismissals, or the rareness of suits against Commissioners Court or the Sheriff, who in fact is routinely sued in his official and individual capacity, is a moving force that violated Mr. Harris' constitutional rights. Probably because they are not.

### C. Standard of review

12. While allegations in a well-pleaded complaint are to be taken as true, many of purported plaintiff's facts are simply unsupported hearsay. Rule 12(b)(6). News articles are hearsay. DE 31, para. 11. Links to a Fox news reports are hearsay. And while this is at the motion to dismiss stage, this "evidence" will not improve with age at a summary judgment.

13. The Fifth Circuit has stated that newspaper articles "classic, inadmissible hearsay" and cannot be used to defeat summary judgment. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); see also, *Hicks v. Charles Pfizer & Company, Inc.*, 466 F.Supp.2d 799, 795 (E.D. Tex. 2005); *Armour v. Davis*, No. 6:18CV535, 2020 WL 2850140, at *12 (E.D. Tex. June 1, 2020) ("The Defendants are correct in their assertion that these exhibits are hearsay and are not competent summary judgment evidence.").

14. Also, other lawsuits are allegations and not evidence. "First, Forbes has pointed to the allegations of two complaints from pending litigation in the Southern District of Texas, but those pleadings are not competent summary judgment evidence." *Forbes v. Harris County et al.*, DE 51, p. 11, 4:17-cv-02256, Judge Lee Rosenthal, citing to *Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 381(5th Cir. 2011)("Pleadings are not competent summary-judgment evidence." See also, *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Thus, purported plaintiff cannot rely on the *John Doe 1* case, where jail employees complained of working conditions. Judge Andrew Hanen dismissed with prejudice for failure to state a claim in November of 2022. See *John Doe*, DE 34 and 35, Cause No. 21-cv-3036, Southern District of Texas – Houston Division. The case is currently on appeal to the Fifth Circuit.

15. Plaintiff also quotes a politician (John Whitmire, DE 31, para. 14) and a union representative (para. 12); these are hearsay statements as well, and not the well pleaded facts needed to sustain this lawsuit. In fact, this union representative has already sworn under oath that he knows nothing of jail conditions. That case involves the same plaintiff's counsel as here, as well as the *Forbes* case. See *Wynn et al., v. Harris County, et al.,* Southern District of Texas, Honorable Keith Ellison, 18-cv-4848, DE 190, Exhibit 16 (David Cuevas' affidavit wherein he swears he has no personnel knowledge of jail staffing).

    **D. This court lacks subject matter jurisdiction**

16. As stated in previous motions to dismiss in this case, standing is a jurisdictional requirement. *See Cameron Cnty. Housing Auth. v. City of Port Isabel*, 997 F.3d 619, 622 (5th Cir. 2021). If a plaintiff lacks standing, the suit must be dismissed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A federal court must dismiss an action whenever it appears subject matter

jurisdiction is lacking. *See Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).

17. "A civil rights action is a personal suit that does not accrue to a relative, but may descend to a relative under appropriate circumstances." *Polk v. City of Corsicana*, civil action no. 3:05-cv-9861, 2006 WL 385127, at *5 (N.D. Tex. Jan. 25, 2006) (internal citation omitted). Therefore, "all persons who claim a deprivation of constitutional rights are required to prove some violation of their personal rights" to have standing. *Hobart v. City of Stafford*, 784 F.Supp.2d 732, 745 (S.D. Tex. 2011) (citing *Coon v. Ledbetter,* 780 F.2d 1158, 1160 (5th Cir.1986)).

18. Here, Ms. Garcia's individual capacity claims are based solely on the alleged violation of her son's constitutional rights. The Amended Complaint is void of any factual basis or stated causes of action where Fred Harris' rights descend to Garcia, his mother. "Although parents certainly 'feel the injury to a tremendous extent when their child suffers [an] injury, a parent has no civil right to pursue an action pursuant to §1983 for injuries to [her] child." *Polk*, 2006 WL 385127, at *5. Because the pleading is silent as to any facts or causes of action permitting Garcia's individual capacity claims, this Court lacks subject matter jurisdiction over the claims asserted by Ms. Garcia; and such must be dismissed as a matter of law.

19. Even, for sake of argument, if Plaintiff has asserted wrongful death and survival claims, such claims are improper because the Second Amended Complaint does not identify the facts on which these claims rely and amount to nothing more than "naked assertions devoid of further factual enhancement," which is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678. As a result, Plaintiff's wrongful death and survival claims should be dismissed. Plaintiff alleges without more that she suffered emotional distress (DE 31 para. 48; 62).

20. Any wrongful death claim asserted on behalf of the Estate is also improper. First, and as stated above, the Second Amended Complaint fails to comply with the pleading requirement of Rule 8. *See Ashcroft*, 556 U.S. at 678. Second, the Texas wrongful death statute was not intended to benefit the decedent's estate. *See Cass v. City of Abilene*, No. 1:13-cv-177-C, 2014 WL 12642539, at *2 (N.D. Tex. Feb 25, 2014) (citing *In re McCoy,* 373 F. Supp. 870, 874-75 (W.D. Tex. 1974)); *see also Martinez v. Foster*, No. 4:13-cv-59, 2017 WL 9286990, at *4 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 1251105 (E.D. Tex. Mar. 31, 2017) (quoting *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988)). The Estate, therefore, has no standing to bring a wrongful death claim against the County. As such, this Court lacks subject matter jurisdiction over the Estate's wrongful death claim and such claim should be dismissed as a matter of law.

21. Whether an administration of the Estate is necessary is dependent on there being no outstanding debt at the time of Fred Harris' death and if the beneficiaries had resolved the Estate's disposition. *See Rodgers v Lancaster Police & Fire Dept.*, 819 F.3d 205, 212 (5th Cir. 2016); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31-32 (Tex. 1998). The Second Amended Complaint is still void of any facts regarding Fred Harris' debts at the time of his death on or about October 29, 2021. Further, an administration of the Estate is necessary because Ms. Garcia has not established that she is the only heir or devisee of the deceased. *See Lozano,* 718 F.2d at 773 n. 38 (5th Cir.1983); *Frazier,* 472 S.W.2d at 7. As such, this Court lacks subject matter jurisdiction over the Estate's survival claim and such claim should be dismissed as a matter of law.

### E. There are simply no claims against Sheriff Gonzalez

22. Plaintiff does not allege that the Sheriff was personally involved in the murder of Mr. Harris, and aside from any conclusory allegations, Plaintiff has also failed to allege or show that

the Sheriff was responsible for any policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under section 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.' ").

23. In this case, Ms. Garcia has done neither. Thus, taking as true Ms. Garcia's allegations about the Sheriff in his individual capacity, she has failed to show or plead a single constitution violation by the Sheriff. By failing to allege personal involvement and whether he implemented an unconstitutional policy with regard to Mr. Harris' death, Ms. Garcia has failed as a matter of law to support her claims against the Sheriff, in his individual capacity. *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018). In the absence of a constitutional violation, Sheriff Gonzalez is entitled to summary judgment based on qualified immunity. *Darden. 880 F.3d at 727; see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

24. When a Texas sheriff is sued, and there is no allegation that the sheriff had <u>personal involvement</u> in the acts leading to the damages, the complaint must be construed against the sheriff in his ***official*** capacity only:

> In examining these proceedings, we note that the amended petition describes Olivarez in the following terms: "Defendant, LARRY OLIVAREZ, SHERIFF is an individual employed with Nueces County and may be served at the Nueces County Courthouse, Corpus Christi, Texas." When referring to him specifically, the petition uses the term "Sheriff Olivarez" or simply "Sheriff." No reference is made in the petition or in the record before us to claims against Olivarez personally,

> that is, in any individual capacity. . . . <u>Moreover, Ferguson makes the same complaints against the County as he does against Olivarez and his petition clearly contemplates that the County would be liable for any judgment recovered, not Olivarez personally.</u>

*Nueces Cty. v. Ferguson*, 97 S.W.3d 205, 215-16 (Tex. App. 2002)(emphasis added).

25. If Plaintiff is alleging that Sheriff is responsible for understaffing, these are actions that only could be done in an official capacity. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983); *See also, Brown v. Strain,* No. CIV.A. 09-2813, 2010 WL 5141215, at *10 (E.D. La. Dec. 13, 2010)(Plaintiffs provided no evidence sheriff was personally involved in arrest and since there is no vicarious liability under § 1983, the personal capacity claims against Sheriff Strain must be dismissed.)

26. And as stated earlier, this case in its current posture is really a suit against the Sheriff in his official capacity. As such, with Harris County already as a party, he is redundant and should be dismissed. There are no other individual allegations against the Sheriff. The Supreme Court has long held that claims against public officials are actually claims against the offices they hold. *Kentucky v. Graham*, 473 U.S. 159 (1985).

**F. Sheriff Gonzalez is entitled to qualified immunity**

27. Because Plaintiff has shown no causal connection or evidence of Sheriff Gonzalez individually violating any constitutional rights, he is entitled to qualified immunity.

28. Qualified immunity shields officials "from civil damages liability unless he violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso*

*County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); see also *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020). The "plaintiff seeking to overcome qualified immunity must plead <u>specific facts</u> that both allow the court to draw the reasonable inference that the defendant is liable for the harm … alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020)(emphasis added)(citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted).

29. Plaintiff, in this case, has not met the pleading standard necessary to subject Sheriff Gonzalez to the burdens of litigation. Plaintiff has pled no facts and cited to no clear consensus of cases, nor has Plaintiff alleged any constitutional violation by the Sheriff. Low settlements and dismissals are not a constitutional violation, and neither is a hearsay statement on Fox News, by a politician and a union leader.

### G. Vicarious liability does not support any personal involvement by Sheriff

30. The claims against Sheriff Gonzalez fail because Plaintiff did not allege any facts that show he had personal involvement in any alleged unconstitutional conduct at issue in this case. "Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." *Ashcroft,* 556 U.S. at 676 (emphasis added).

31. In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. See *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); see also *Thompson v.*

*Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13 (5th Cir. 1990) (plaintiff invoking §1983 must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense as complaints containing conclusory allegations, absent reference to material facts will not survive a motion to dismiss). An official may only be held liable when they "affirmatively participates in acts which cause a constitutional deprivation or implements an unconstitutional policy that causally result in the plaintiff's injuries." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 660 (S.D. Tex. 2000) (citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

32. Plaintiff does not allege any act personally done by the Sheriff that caused Mr. Harris's murder. She has also not alleged that he implemented an unconstitutional policy that causally resulted in Mr. Harris's death, and a request for more staffing (DE 31, para. 11) is not sufficient causation. Other than complaints about settlements and dismissals, the pleading is devoid of any facts that establish actual affirmative personal involvement by Sheriff Gonzalez. Ms. Garcia alleges no causal connect by the Sheriff in his individual capacity to Mr. Harris's murder.

33. Because there are no pleading allegations which evidence that Sheriff Gonzalez participated in any unconstitutional conduct or which make him causally connected to an implementation of a policy that led to Mr. Harris's murder, Plaintiff's Second Amended Complaint fails to meet the standard necessary to support a claim for relief against him. The "description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018) (citation omitted). In short, Plaintiff's unsubstantiated assertions, improbable inferences and unsupported speculation and hearsay are not sufficient to overcome the Sheriff's qualified immunity defense. Surviving a motion to dismiss requires more than hinting at "a sheer possibility that a defendant

has acted unlawfully." *Ashcroft,* 556 U.S. at 678. Accordingly, Plaintiff has failed to state a claim for which relief can be granted and these claims should be dismissed as a matter of law.

## CONCLUSION

This is the thinnest of pleadings by this Plaintiff. The Sheriff's Office is not a legal entity that can be sued. Plaintiff still has not established that she has the right to bring this suit. Respondeat superior is not a way to tag the Sheriff personally. The allegations do not allege a constitutional violation, nor is there a clear consensus of cases on what frankly is unknown as what the Sheriff personally or causally did that led to Mr. Harris's tragic death. Plaintiff, now on her Second Amended Complaint, should not be allowed to amend. Sheriff Gonzalez should be dismissed with prejudice.

Date: June 29, 2023.

Respectfully submitted,

| OF COUNSEL: | By: | */s/ Gregory Burnett* |
|---|---|---|
| | | GREGORY BURNETT |
| CHRISTIAN MENEFEE | | Assistant County Attorney |
| TEXAS BAR NO. 24088049 | | ATTORNEY-IN-CHARGE |
| HARRIS COUNTY ATTORNEY | | State Bar No. 24057785 |
| | | Fed. Bar No. 3785139 |
| | | Tel: (713) 274-5224 (direct) |
| | | Fax: (713) 755-8823 |
| | | gregory.burnett@harriscountytx.gov |

SUZANNE BRADLEY
Senior Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 00793375
Federal ID No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov

Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorneys for Defendant Harris County**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Randall Kallinen
Alexander Johnson
Kallinen Law, PLLC
511 Broadway Street
Houston, TX 77012

                                                  */s/ Gregory Burnett*
                                                  Gregory Burnett